Good morning, and may it please the court. Good morning. My name is Chris Eckhart. I represent the appellants, quality carriers and quality distribution. I intend to reserve three minutes for rebuttal. Okay. Good luck. The district court committed two fundamental errors in its order, remanding this case to state court. First, the district court erred by rejecting the Dixon declaration, which is the same type of evidence this court has held was sufficient to prove the amount in controversy under CAFA and Lewis, LaCrosse and Henry. Second, the district court erred by concluding that qualities amount in controversy calculation was over-inclusive plaintiff seeks to represent a putative class of independent contractor truck drivers who alleged they were all misclassified and seek all business expenses they incurred under California labor code section 2802. Under LaCrosse, the total amount deducted from their settlements for fuel and other expenses is in controversy. Therefore, the court should reverse the district court's order with instructions that it exercised subject matter jurisdiction over this case. The Dixon declaration was sufficient evidence to prove that the amount in controversy was over $5 million under CAFA in this case. Well, let me ask you this. It seems that the appellee asserts that in Leidy versus Crane, that we held that you need to support your jurisdictional allegations with competent proof based on summary judgment type evidence, what's your response to that? How do you propose we distinguish Leidy? I have several responses, your honor. The first one is that plaintiff's argument that the summary judgment evidentiary rules, including the best evidence rule was never raised with the district court. The plaintiff never objected to the Dixon declaration in this ability. Therefore that argument waived. The Dixon declaration, the record in this case is as it was in the district court and just as it was in Lewis, LaCrosse and Henry, an unchallenged declaration based on personal knowledge and a review of the business. Aside from waiver, Leidy is distinguishable first because it's not a CAFA case, it was a case decided under the federal officer removal statute, which requires the defendant to prove among other things, that the defendant has a colorable federal defense to the claims asserted. In other words, the defendant under that statute has to make some showing on the merits that it can defeat the claims that inquiries are different than the inquiry under CAFA, which looks at the allegations in the complaint, defines what class is being sought to be represented, defines what they seek and determines whether it could be over $5 million. In Ibarra, this court specifically stated that it was deciding what proof is required by defendant under CAFA to prove the amount in controversy. Under Ibarra, counsel, is the testimony of the CIO in this case sufficient standing by itself or is there some additional requirement? It is, your honor, it is sufficient standing by itself. The court in LaCrosse and in Henry applied the standard adopted in Ibarra, which is preponderance of the evidence that the defendant must submit declarations, affidavits, and other summary judgment type evidence. Ibarra never held that the summary judgment evidentiary rules applied in LaCrosse when the court considered whether that motor carrier in a case brought by a punitive class of independent contractor drivers met its burden to prove the amount of controversy exceed of 5 million, the personal knowledge and a review of the company's records and held that that declaration was sufficient. Likewise, in Henry versus Central Freights, again, a case brought by a punitive class of independent contractor drivers seeking business expenses incurred by them under labor code 2802. The evidence in that case was a declaration from the chief financial officer saying that he had reviewed the company's records related to settlements and that the companies based on those records that the company deducted over $7 million in fuel deductions. Would you say that, um, Mr. Dixon's declaration meets the best evidence rule or what would be your position on that if that's a requirement? So I think a couple of different responses to that, Your Honor. First, if the court found that the summary judgment evidentiary standard rules applied, we satisfied that standard by designating the portions of the That is the Dixon declaration. Under rule 56C, it was then the obligation of plaintiff to object to that evidence. Plaintiff did not object. Therefore... Did Mr. Salter do any meaningful challenge to the substance of Mr. Dixon's declaration? No, Your Honor. Mr. Salter didn't never challenge the accuracy of the figures in Dixon's declaration. The only argument regarding the numbers in Dixon's declaration by the included expenses incurred by the putative class outside the state of California. He was making an argument about the scope of the allegations in the complaint, not the accuracy and miscibility of Dixon's declaration. That of course is not a good argument to make for the reasons that the court just said in green and that the court has said in Henry versus central freight, the complaint never places that limitation on the amount it seeks to recover all business expenses. Therefore, that's the amount that was at issue. Counsel did, excuse me, counsel, did the plaintiff having seen the testimony of the CIO offer contrary evidence? What, let me put it this way. What was the nature of the evidence that the plaintiff offered to counter the showing that was made by the trucking company? The plaintiff did not submit any evidence with respect to the amount of controversy. Plaintiff made a timeliness argument and plaintiff made the argument about the scope of the claims in the complaint. It never contested the evidentiary submission that we made. It never challenged Dixon's declaration that the first time we had any challenge to the Dixon declaration was the district court's order in this case that found that we failed to corroborate the numbers in the declaration that's never been a requirement. We use La Crosse and Henry as a blueprint for our opposition to the plaintiff's motion to remand the declaration from Dixon's just like the declarations in those cases. And I do think there are real practical reasons why the court should not adopt the plaintiff's rule of applying summary judgment standards to the removal context. The first is, as the court just said in green, the jurisdictional inquiry is supposed to be mechanical and simple. And the court does not adopt rules that will lead to a cottage industry removal litigation. There's nothing simple and mechanical about acquiring a defendant to essentially produce classified damages evidence just to get into federal court. And that will undoubtedly lead to more litigation with the sufficiency of that evidence and the adequacy of it. And it's just countered to that basic rule of simple, simple, mechanical. Second, the jurisdictional inquiry. I'm sorry, Judge Callahan, did you have a question? Well, I was going to ask you hypothetically, and I'm just saying hypothetically, because we haven't conferenced on this case or we haven't decided the case. But hypothetically, if we were to agree with you on that point, is there any need for us to address the timeliness of the notice of removal? The district court didn't do that, right? I think the district court, you're correct. The district court did not review that. I think I read that to mean that he did not agree with the plaintiff's position, but he didn't explicitly address it. I think at most this court can say, based on its clear precedent, the we removed based on our own investigation members. That's a timely removal under the removal statute and leave it at that. I don't think there's anything left for the district court to do. The most efficient resolution here is to reverse the instructions that the district court has jurisdiction. The other practical thing to consider is that the jurisdictional inquiry is far different than the summary judgment inquiry. The jurisdictional inquiry asks, does the court have the authority to hear the case at summary judgment? The inquiry is, does the movement, does the movement win the case or is there a need for a trial? You're really looking at the merits of the decision at summary judgment. And that's not the case in the jurisdictional inquiry. Third, the purpose of capital was to make it easier for defendants facing large class actions to get into federal court and requiring defendants to essentially prove, produce classified damages discovery just to get into federal court undercuts that purpose has said in their brief that we need this rule to guard against litigation that goes on for months and potentially years in the district court, only for the district court to later find out that there was never subject matter jurisdiction. I think that that proposal is a, is proposing a cure to a problem that just doesn't exist. There's nothing in the ninth circuit where there's some large problem with companies submitting declarations that are either falsified or somehow inaccurate to support their amount of controversy calculations. I think there are other safeguards against that. Anyway, this is a declaration that was submitted subject to the penalties of perjury. And of course, we know that lawyers are not allowed to submit evidence that they know is falsified. I think the more appropriate balance here is to just rely on the company's by a witness who has personal knowledge and who has personally reviewed the company's records, submitting a declaration subject to the penalties of perjury, that that was adequate evidence to prove the amount of controversy and then the burden shifts to the plaintiff to try and submit their own evidence to contest that. But here we don't have contrary evidence. We have evidence submitted by a declaration that was just, that was accepted by this court in Lewis across at Henry. Therefore, we, the quality met its burden of proving the amount of controversy was over 5 million in this case. If we don't have any questions right now, do you want to reserve the balance for rebuttal? I would like to reserve. Thank you. All right. Jennifer Bennett for the appellee, Clayton Salter. The rule on removal is that the defendant must provide competent proof of the amount of controversy under the same evidentiary standards that apply at summary judgment. All right. Well, let me stop you right there. Since I keep fighting in this area and then I keep getting CAFA cases back, I want to direct you to RAF versus residents in. We reiterated that a notice of removal need not contain quote evidentiary submissions unquote, but may be based on quote plausible allegations of the jurisdictional elements. Why does it Mr. Dixon's declaration be that requirement? Because there's a distinction between what a notice of removal has to include and that lower standard is just for the notice of removal and what is required once there's a factual challenge to the amount of controversy or any other jurisdictional fact. And so you can in noticing removal, you can make allegations just like you can in a complaint. But once the plaintiff then challenges those allegations, it is the removing defendant's burden provide competent. Salter did not even challenge the numbers in Mr. Dixon's declaration. So I guess what I'm saying is, you know, and I certainly think that that can be done, but you're you know, I want to be frank with you. You're going to you have you're pushing a rock uphill with me in light of what I've written to tell me that you can have a full blown trial here and that that district courts have to basically do a summary judgment is different. And I don't think it's the same as the plausible allegations of jurisdictional elements. So to me, I've met what I said previously. And so when you didn't even object to that, I'm wondering, what do I do with the declaration? So two answers to that, Your Honor. First, the plaintiff did, in fact, object. And let me get the citation for you. I apologize. Did the plaintiff put on any testimonial evidence of its own which would have specifically the numbers that were laid out in the testimony of the company? The plaintiff didn't do that. And the reason it didn't do that is because all of those numbers are in the defendant's records. There would be no way for the plaintiff to challenge those numbers without having the records. And so what will happen in cases like this is if the rule is that a defendant can just make assertions about what its records say without producing the case, then there will be no basis. Otherwise, there'll be no basis for the plaintiff or the court to have the evidence needed to challenge when necessary the assertions or to verify them when there are mistakes. And Judge Kalanick, I want to go back to your question about residents in. And I think we are not saying this argument isn't in conflict with that case. We're talking about two different things. That case is just about what needs to be in the notice of removal. And here the question is a factual dispute. And what Leif says is in that once there's a factual dispute, once the plaintiff says, you know, I challenge these assertions in your notice of removal, then the defendant does have to come back with competent proof that meets the summary judgment standard. And that's not just what Leif says. It's what this court said in Fritch. It's what this court said in Ambrego. And over and over again, this court has said it has to be summary judgment type evidence. And there's good reason for that. The reason for that rule is because it's essential to court's fact-finding function, not just on summary judgment, but on jurisdiction as well. And any time a court is trying to find facts in important questions, it's essential that  And Mr. Ecker talked about penalty of perjury. And I want to be clear that the problem isn't just fraud. You know, of course, if we got rid of this rule, it would be easier to commit fraud. But the problem, that's not the only problem. The problem is also mistakes. So, for example, without the documents here, we have no way of knowing whether Mr. Dixon, for example, imported the wrong field from a spreadsheet or added things up incorrectly or added an additional year. And those mistakes are really important in the jurisdictional context. Because in that context, if there's a mistake that gets discovered later on, you have to redo the whole case in state court. It's not a case in which you can just waive the issue. The court then lacks the ability to hear the case entirely. And so avoiding those mistakes early on is really essential. And counsel, if I may ask, you have stated that the Ninth Circuit has stated over and over again that the summary judgment standard applies. Now, give me some cases upon which you rely for that statement. Sure. So it's very explicit in light. And and and I and I want to go back to Mr. Eckert's statement about light in a minute. But it's very explicit in light in the Fritch, the Swift Transportation Company. Again, it talks about summary judgment type evidence. In Abrego, it talks about summary judgment type evidence. And and and and I want to briefly talk about light because there was this. Is it is it is your position then that Ibarra that Ibarra does not control that somehow or other this other case does? This isn't in conflict with Ibarra either. Ibarra says the preponderance of the evidence and that you can dock declarations, affidavits and summary judgment type evidence. But it didn't say anything about what the standard that applies to those declarations and affidavits are. As Mr. Eckert concedes, there is some standard rate quality does not argue that you could submit a declaration, for example, about personal knowledge. And where that standard comes from is this court's requirement that the standards that jurisdiction evidence on jurisdiction, rather the same as the standards that govern on summary judgment. And so if we get rid of that requirement, in fact, there will be no standard for for this evidence. In fact, said equality seems to be arguing is that if in any case this court decides that has nothing to do with this, overlook a flaw in a party's evidentiary evidentiary showing, then all of a sudden that becomes fair game. And from then on, that is the new rule. And that can't be the way this inquiry works. That would make no sense. Instead, what makes sense is to do what the district court here did and what this court clearly stated in light, which is to say that the evidence on important jurisdictional questions has to adhere to the same standards, the evidence on summary judgment. That's a clear rule that makes it easy for parties to follow. And very briefly, I want to touch on this, this question of whether the light standard applies. The court in very clear that it was not announcing a rule for federal officer removal. It made very clear that this was the general rule on removal and for that matter, on jurisdiction. Generally, all of the cases at site in describing the rule dealt with a number of different bases for jurisdiction, including diversity. The federal officer statute, and in fact, specifically rejected an argument that because defendants have greater removal rights under the federal officer statute, that that that means there should be a different rule in that context than in any other context. What the court said is that the same rule should apply across contexts. And that rule is that the standard on summary judgment is the same standard that governs evidentiary challenges to jurisdiction. And I'll note that the quality even now has never really argued this declaration meets the standard. In other words, it hasn't argued that it would be sufficient for a party seeking summary judgment to rely solely on a declaration saying, you know, trust me, I have documents that say I win without providing those documents. Instead, what it's really arguing is that because this court in cases that never dealt with this issue happened to overlook this flaw, that that means that going forward, this law is now the law. And that that just can't be right. And I want to touch on a few other points that Mr. Eckhart mentioned. The first the first is. Is is waiver, and of course, a jurist, a court has the responsibility to assure itself of its own jurisdiction, and that's, I imagine, why quality did not assert in its opening brief that that this question was forfeited because it can't be forfeited because the question and that's, you know, the Supreme Court in Darcher, for example, says that if a defendant's evidence is challenged by either the plaintiff or the court, then the defendant has to has to come up with this showing. And so so there can't really be any forfeiture argument here and should direct you to the site where this was challenged. If you look at ER 41, you know, I will say most of the reply brief was was about whether about the assumptions the defendant made. But it also says, you know, this declarative attempt at evidence fails to meet the summary judgment like standard. I think that's a pretty direct challenge. And it's exactly the argument here. And it's the argument accepted by the district court, which is that they're showing did not meet the requirements for a showing on summary judgment. All right. So, oh, excuse me. So if it didn't challenge Dr. Dixon's declaration, you never said that the 11 million was wrong. That was deducted for a few purposes. You didn't you didn't you basically didn't challenge it. You just so the only way you win is if we agree that summary judgment type evidence need be presented at this particular juncture of the litigation. Is that correct? I'm not sure that's correct, because I, you know, at ER 41. How else can you win? You didn't challenge what the declaration says. So you're just basically saying you have to produce summary judgment type evidence. That's correct. And the reason that's correct is because there is no way for a plaintiff to challenge what a declaration says without the evidence. And so that's the reason that there has to be the summary judgment like evidence, because then the plaintiff on reply has some some way of knowing whether the defendant is correct or not. Well, well, counsel. Well, counsel, if I may ask, going back to Leite again, Leite makes it very clear that there are two ways to proceed, either with a facial attack, which you probably have made here, or a factual attack, which I'm having trouble finding, which which attack have you made, if either? This was this was a factual attack, the attack in both the motion to remand and the reply, and it perhaps could have been stated clearly. But the attack was as a factual matter, you have not shown that there is an amount in controversy above five million dollars. It wasn't a facial attack, which said, you know, this this law does not apply in this way, for example, a facial or or there's not complete preemption, for example, would be another example of a facial attack based on the face of your complaint. There is or is not complete preemption. Here is a factual attack to say we do not believe factually that five million dollars is at issue. And that's that that sounds to me like a facial attack. What is it that you have shown in evidence which challenges the numbers? In other words, the the existence of these categories of numbers which were shown by the officer of the company, your honor, that it is it is the the defendant's burden to produce summary judgment type evidence. OK, summary standard. The plaintiff in cases like this can't produce evidence because all of the evidence is in the defendant's records. And that's the reason for this rule is that is that there's no way for the plaintiff or the court to verify these numbers if the defendant doesn't produce them. The rule is the defendant can just produce a declaration that says, trust me, I win. And what's going to happen is I'm instead of on reply, instead of being able to say the defendant didn't meet their burden, what the plaintiff is going to do is ask for jurisdictional discovery and the court is going to have no choice but to grant it. The only way plaintiff would be able to to to make these challenges or it would be able to be simple and straightforward, but it's much more simple and straightforward for the defendant to put on a USB drive and submit to the court and the plaintiff the records it claims to have than it would be for the plaintiff to have to move for jurisdictional discovery, the court to grant it. And then there's all this fighting about discovery that has to take place before the case can even get started. And so the rule applied by the district court and the rule that light requires is the simple, straightforward rule. It just says, look, if you say you have documents that prove the amount of controversy, all you have to do is provide the documents and then we're done. It prevents this whole sideshow of having to fight about access to the documents and to take months of discovery before the case can even get started. And again, this is very important in the jurisdictional context because mistakes matter here. If there's a mistake, the parties are going to end up litigating their entire case and then have to get remanded back to state court. If there are no further questions, I ask that this court affirm the judgment of the district court. Thank you. Thank you, Mr. Eckhart, you have three minutes and 40 seconds. Great, thank you. First, Judge Callahan, your opening question was exactly right. It is a plausibility standard. And if the notice of removal plausibly alleges the amount of controversy, it's incumbent upon a plaintiff to challenge it. The challenge in this case was about whether or not non-California expenses are recoverable under the complaint. It had nothing to do. And in response to that challenge, we submitted a declaration from a chief information officer that put in evidence how much was deducted for fuel. That information was never challenged. They never challenged the Dixon Declaration. A plaintiff has to challenge with its own evidence if it wants to argue that that type of declaration, which is based on personal knowledge and a review of the company's records, is sufficient. The plaintiff can submit an evidentiary record without having access to the records. For example, Dixon listed a host of deductions from the settlements of the Peterburg Quest. Had the plaintiff never had any of those deductions listed on his settlements, he could have submitted a declaration that said, wait, I never had any of those deductions on my settlements. Then the defendant risks the district court calling questions on its own evidence. And then it's the defendant's decision whether or not to submit additional evidence. The plaintiff absolutely has enough information to call into question the defendant's evidence. Summary judgment type evidence is different than evidence that satisfies the summary judgment evidentiary rules. It is Ibarra, not Leidy, that controls this case. In Ibarra, this court held that it was determining what evidence is required under CAFA. Since Ibarra, this court has repeatedly accepted declarations just like the Dixon declaration. The review at this court is to know if the court had a problem with that type of evidence in La Crosse and in Henry. Counselor is right. It is duty bound to determine whether there is subject matter jurisdiction. It would have had to find that that is sufficient evidence under CAFA. Those cases control, Leidy doesn't. Plaintiff waived the objection. It was the first time on this appeal that plaintiff raised an evidentiary objection and a plaintiff can waive evidentiary objection, even in the context of subject matter. The result of that is the court is reviewing an unchallenged declaration. The only question at that point is under the court's cases, is the Dixon declaration sufficient? It is because it is under La Crosse and Henry, the plaintiff's waiver matters here and the court need not consider the argument raised for the first time on appeal. There is one case I want to cite. I didn't get to complete my answer. The court asked whether this declaration satisfied the 56, rule 56 requirements and the best evidence rule. And it's an old case, Hughes versus United States, 953 F second, 531 at 543. I think it's still good law. It's 1992 granted. But in that case, the court said that a declaration that does not attach to business records, doesn't violate the business best evidence rule. So long as the records can be entered into evidence at trial, there's no question here that the settlement records Dixon reviewed were business records. If this case is decided on the merits at trial, we can absolutely enter those records through a custodian to make sure they're admissible under the best evidence rule and the business records exception to hear your say. With that, I ask you to reverse with instructions to enter jurisdiction, subject matter jurisdiction. All right. Do either of my colleagues have any additional questions? No, thank you. All right. No, thank you for your helpful argument and this matter will stand submitted.
judges: O'scannlain, Callahan, Watson